UNITED PAPERWORKERS INTERNA-
TIONAL UNION, AFL–CIO and United
Paperworkers International Union,
AFL–CIO Local No. 189

v.

GAYLORD CONTAINER
CORPORATION.

Civ. A. No. 90–2872.

United States District Court,
E.D. Louisiana.

Jan. 30, 1991.

Horace A. Thompson, III, Patricia E. Pannell, McCalla, Thompson, Pyburn & Ridley, New Orleans, La., for plaintiffs.

Louis L. Robein, Jr., Gardner, Robein & Urann, Metairie, La., for defendant.

ORDER AND REASONS

MENTZ, District Judge.

Before the court is a motion by the plaintiffs for summary judgment to enforce the arbitrator's award and for dismissal of the defendant's counterclaim. After reviewing the motion, memoranda of counsel, the

record, and the law, the court grants the motion for the reasons set forth below.

## I. FACTS

Gaylord Container Corporation (Gaylord) owns a pulp and paper mill in Bogalusa, Louisiana (the mill). Gaylord also owns an adjacent chemical plant. The employees of both the mill and the chemical plant are covered by a collective bargaining agreement (CBA) that provides for final and binding arbitration of all disputes arising under the agreement. A dispute arose concerning the Mill Income Sharing Plan (MISP), under which employees of the mill would share in the mill's profits. Gaylord and the plaintiffs dispute whether chemical plant profits were to be included in the MISP.

The dispute was submitted to an impartial arbitrator, F.J. Taylor, who determined that the chemical plant profits should have been included in the MISP. On February 28, 1990, the arbitrator ordered the parties to meet and negotiate a remedy within 30 days. He also retained jurisdiction over the case for the limited purpose of deciding any issues concerning compliance with his award. In July, 1990, the defendant offered to compromise the award by an amount much less than the plaintiffs consider proper. The plaintiffs allege that the defendant refused to offer more and indicated that it considered the award unenforceable. The plaintiffs filed suit in this court to enforce the award. The plaintiffs also seek this court to dismiss the defendant's counterclaim on the grounds that it was filed untimely.

## II. JURISDICTION

■ The first issue to be considered by the court is the court's jurisdiction to hear the plaintiffs' complaint. The defendant contends that because the arbitrator retained jurisdiction to hear and decide any issue pertaining to compliance with the award, this court lacks jurisdiction to hear the plaintiff's complaint. However, the court interprets the arbitrator's language as allowing the parties 30 days within which to meet to reconcile their differ-

ences; within that time, the arbitrator would have been available to aid in compliance. The arbitrator did not retain jurisdiction after the 30 days had passed. After that point, failure to negotiate a remedy would be considered failure to comply with the arbitrator's decision and would be appealable by either party for enforcement by the district court under 29 U.S.C. section 185.

## III. ENFORCEABILITY OF THE ARBITRATOR'S AWARD

The defendant advances four arguments in support of its position that the arbitrator's decision is unenforceable: (1) that the award does not draw its essence from the CBA; (2) that the arbitrator's decision was contrary to the CBA in that the MISP agreement expressly provided that questions concerning the calculation of the Bogalusa mill's income would be submitted to a mutually agreeable certified public accountant; (3) that the award is unenforceable to the extent that it directs a separate entity to participate in the MISP; and (4) that the award violates public policy as embodied in section 8(d) of the National Labor Relations Act in that the award compels Gaylord to agree to a concession not bargained for.

### A. Essence of the Agreement

■ The Supreme Court has stated that courts are not to review the merits of an arbitration award. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960). The decision of the arbitrator must be upheld by the district court as long as the arbitrator's award "draws its essence" from the collective bargaining agreement. *Id.* at 597, 80 S.Ct. at 1361. The court has no right to overrule the arbitrator simply because the court may interpret the contract differently than did the arbitrator. *Id.* at 599, 80 S.Ct. at 1362. Furthermore, "[c]ourts ... do not sit to hear claims of factual or legal error by an arbitrator." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987).

The Fifth Circuit has defined an award that "draws its essence" from the contract as one that is "rationally inferable" in "some logical way" from the contract. *Folger Coffee Co. v. International Union,* 905 F.2d 108, 110 (5th Cir.1990) (quoting *International Chemical Workers Union v. Day & Zimmermann, Inc.,* 791 F.2d 366, 369 (5th Cir.), *cert. denied,* 479 U.S. 884, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986)). The extremely narrow standard of review allows this court little latitude in reviewing the arbitrator's decision.

■ After reviewing the CBA between the plaintiffs and the defendant, the court finds that the arbitrator could rationally infer that the MISP contemplated the inclusion of chemical plant profits. The contract covered employees of both the Bogalusa mill and the chemical plant and it was reasonable to interpret the MISP as incorporating profits from both the mill and the plant. Whether or not the arbitrator's interpretation was incorrect, it was certainly based on the contract. *See United Food & Commercial Workers v. National Tea Co.,* 899 F.2d 386, 389 (5th Cir.1990).

B. *Was the Arbitrator Selected in Accordance with the Provisions of the CBA?*

■ The court also rejects the defendant's argument that the award is unenforceable because the arbitrator was not selected in accordance with the contractual procedure for resolving a dispute concerning the calculation of mill income as defined in the MISP. The defendant argues that a CPA should have been selected to resolve any dispute regarding calculations of mill income. However, the provision cited to by the defendant states only that "a mutually agreeable CPA firm may be retained to verify" calculations regarding mill income. The language allows, but does not require, a CPA firm to be used. Second, the arbitrator's award delineates the composition of mill income. It does not purport to calculate the income but leaves that task to the parties. The arbitrator's award does not preclude a CPA from verifying any calculation of income made by the parties.

C. *Does the CBA Force a Nonparty to the CBA to Participate in the MISP?*

The defendant next contends that the award is unenforceable in that it requires a nonparty to the CBA, the chemical plant, to participate in the MISP. However, the arbitrator's award is directed at Gaylord Container Corporation, a signatory to the CBA. Nowhere does the arbitrator require any action by the chemical plant. In addition, the CBA as adopted by Gaylord when it purchased the Bogalusa mill applies to the chemical plant workers. It would be absurd to allow Gaylord to adopt the CBA on behalf of the chemical plant but then to disallow enforcement of the CBA because the chemical plant did not sign the CBA.

D. *Does the Arbitrator's Award Violate Public Policy?*

■ The defendant's final argument is that the arbitrator's award violates public policy as embodied in section 8(d) of the National Labor Relations Act, 29 U.S.C. section 158(d). Section 158(d) obligates the parties to bargain collectively but such obligation does not require either party to make a concession. The defendant argues that the arbitrator's award requires Gaylord to make a concession not bargained for. The defendant cites cases in which the arbitrator required a party to take an action not provided for in the CBA. *See, e.g., Manville Forest Products Corp. v. United Paperworkers Int'l Union,* 831 F.2d 72, 76–77 (5th Cir.1987) ("If the slate was blank, the arbitrator could not force Manville to write on it.").

In the present case, the slate was not blank. The MISP was a bargained-for provision of the contract, willingly provided by Gaylord. The arbitrator's decision is simply an interpretation of the language defining the MISP and not a forced concession.

Because the court finds no merit to any of the defendant's arguments, the plaintiff's motion for summary judgment to enforce the arbitrator's award will be granted.

## IV. DISMISSAL OF THE DEFENDANT'S COUNTERCLAIM

■ The plaintiffs seek this court to dismiss the defendant's counterclaim for the reason that it was filed untimely. Under *International Union of Electrical, Radio, and Machine Workers v. Ingram Mfg. Co.*, 715 F.2d 886 (5th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 184 (1984), the applicable statute of limitations would be the catch-all Louisiana limitation period. *Ingram* has not been overruled by either the Fifth Circuit or the Supreme Court and thus this court is bound by the decision. Accordingly, the defendant's counterclaim was filed timely.

However, the counterclaim will be dismissed as moot because the court has considered the defendant's claims in its discussion of the plaintiffs' motion for summary judgment and found them to be without merit.

Accordingly,

IT IS ORDERED that the plaintiffs' motion for summary judgment enforcing the arbitrator's award and dismissing the defendant's counterclaim be GRANTED. The hearing scheduled for JANUARY 23, 1991 was CANCELED.